**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA**                                                           **PLAINTIFF**

**V.**                                                                        **CAUSE NO. 3:18-CR-98-CWR-LRA**

**JIMMIE TERRELL HARRISON**                                             **DEFENDANT**

**ORDER**

Before the Court is Jimmie Terrell Harrison's motion for compassionate release. Docket No. 48. The Court has reviewed the parties' briefs and the transcript of the sentencing hearing. For the reasons that follow, the motion is denied.

In 2018, Jimmie Terrell Harrison pleaded guilty to Count II of a two-count indictment for possession with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). On January 9, 2019, this Court sentenced 44-year old Harrison to serve 240 months in federal prison followed by five years of supervised release. Harrison is due to be released on June 10, 2035.

On April 24, 2020, this Court received a letter from Harrison "requesting home confinement under the Cares Act of 2020." Docket No. 48. Harrison contends that he has medical conditions which pose a risk to his life in light of the Covid-19 pandemic. He states he suffers from and takes medication for asthma, hypertension, and diabetes. Additionally, he is housed at the Federal Correctional Institution, Forrest City—a low-level security institution located in Forrest City, Arkansas—with a significant Covid-19 outbreak. Harrison explains that he is housed with approximately 150 inmates in open, cubicle-like spaces where there is no opportunity to practice social distancing, and says that as of April 9, 2020, 24 inmates and 5 staff members tested positive

at his institution. In further support of his motion, Harrison states that he is serving a sentence for a victimless crime and has no disciplinary record since his incarceration began.

As of July 10, 2020, the confirmed number of positive Covid-19 cases at FCI Forrest City is 671.[1] This is an alarming number. However, this Court lacks the power to directly order that Harrison be transferred to serve the remainder of his 20-year sentence in home confinement. *See* 18 U.S.C. § 3621(b); *see also United States v. Blevins*, No. 5:09-CR-15-DCB-JCS, 2020 WL 3260098, at *3 (S.D. Miss. June 16, 2020) ("[T]he Court lacks the authority to order the BOP to transfer Blevins to home confinement. Once a sentence is imposed, the BOP 'shall designate the place of the prisoner's imprisonment'"). While this Court continues to sympathize with incarcerated persons directly impacted by Covid-19, the decision to grant home confinement is one reserved for the Bureau of Prisons.

Moreover, even assuming that Harrison can get past all of the procedural hurdles, the undersigned is not persuaded that the § 3553(a) factors warrant relief. Harrison did take responsibility for his actions and the Court considered that in imposing his sentence. However, Harrison's charges were very serious and warranted a statutory minimum sentence of 10 years, and up to life in prison. In sentencing him to 240 months, the Court considered that Harrison was in the possession of a dangerous firearm at the time of arrest, had a prior felony for the sale of a controlled substance, and was found with methamphetamine of high purity. Docket No. 58 at 4. Even so, the sentenced imposed was below the Guideline Range of 292 – 365 months. *Id*. at 5. Given that Harrison has served less than 10 percent of the imposed sentence, reducing his sentence at this juncture would not effectively "reflect the seriousness of the offense . . . promote respect for the law . . . [or] provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). It would

---

[1] *Covid-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited July 13, 2020).

also not "afford adequate deterrence to criminal conduct" under subsection (a)(2)(B) which this Court considered in Harrison's sentencing.[2]

The motion is denied.

**SO ORDERED**, this the 13th of July, 2020.

                                            s/ Carlton W. Reeves
                                            UNITED STATES DISTRICT JUDGE

---

[2] At sentencing, the undersigned observed that "[t]here has been quite a bit of activity involving the drug trade over in that area . . . [a]nd part of this Court's obligation is to impose sentences that will provide deterrence to others, general deterrence as to others, so when they see or read about the type of sentence this defendant or any defendant receives maybe that would dissuade others from engaging in certain criminal activity. It also should have specific deterrence; that is once this defendant has served this sentence, he'll no longer engage in this or any other criminal activity in the future." Docket No. 58 at 20.